IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN ANTONIO GARCIA, Individually And on Behalf of All Similarly Situated Persons,<br>    Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:19-cv-2115 |
| BOZE ENTERPRISES II, LLC and MICHAEL S. BOZE,<br>    Defendants. | § | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought both as an individual action and collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Juan Antonio Garcia and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendants, their subsidiaries and affiliated companies.

**Parties**

1.  Plaintiff Juan Antonio Garcia ("Garcia"), a former employee of Defendants, was personally engaged in interstate commerce during their employment with the Defendants, and is represented by the undersigned.

2.  Defendant Boze Enterprises II, LLC ("B.E.") is a Texas limited liability company and an "employer" as defined by the FLSA. With respect to Plaintiff, B.E. is subject to the provisions of the FLSA. B.E. was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross

annual revenues in excess of $500,000.00. B.E. may be served through its registered agent, Michael S. Boze at 5706 Coral Ridge Rd., Houston, TX 77069, or wherever he may be found.

3. Defendant Michael S. Boze ("Boze") is an individual who was also an "employer" of Plaintiff as that term is defined by the FLSA. With respect to Plaintiff, Boze is subject to the provisions of the FLSA, operating an enterprise engaged in interstate commerce with gross annual revenues in excess of $500,000. Boze was a person who determined and directly controlled the employee compensation policies of Boze Enterprise II, LLC. Defendant Boze may be served with process at 5706 Coral Ridge Rd., Houston, TX 77069, or wherever he may be found.

## Jurisdiction and Venue

4. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Factual Allegations

5. During each of the three years prior to this complaint being filed, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

6. During each of the three years prior to this complaint being filed, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).

7. At all times pertinent to this Complaint, Plaintiff was individually engaged in

commerce and his work was essential to Defendants' business(es).

8. During each of the three years prior to this complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

9. During each of the three years prior to this complaint being filed, Defendants' employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were made or manufactured outside the state of Texas.

10. Plaintiff Juan Antonio Garcia worked for Defendants as a route driver from 2012 until May 20, 2019.  Juan Antonio Garcia's duties included, but were not limited to, driving a pumper truck.

11. During their tenure with the Defendants, Plaintiff regularly worked in excess of 40 hours per week.

12. Plaintiff was paid on an hourly basis and was not paid an overtime premium for hours worked over 40 hours per workweek.

13. Defendant Boze is an owner and control person of B.E.  Boze had the authority to hire and fire employees, and was regularly engaged in supervising employees and in determining the day-to-day circumstances of employees' work duties.  Boze had control over how B.E. employees were paid, and was a person who had the power to, and was part of making the decision to not pay Plaintiff and his co-workers overtime pay as required by the FLSA.

14. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work.

15. Defendants are jointly and severally liable to the Plaintiff and the Members of the Class, as defined below, for the damages sought herein, as the Defendants are a joint enterprise

as defined in terms of the FLSA.

## Plaintiff's Individual Allegations

16. Plaintiff was entitled to be paid their regular wages and to be paid an overtime premium for all work performed during the hours worked over forty-(40)-hours in each workweek.

17. Defendants failed to pay the Plaintiff the required overtime premium in most of the that the Plaintiff was employed by Defendants, as the Plaintiff worked in excess of 40 hours in most weeks.

18. No exemption excuses the Defendants from paying Plaintiff for all time spent and work performed during the hours they worked, and the Defendants have not made a good faith effort to comply with the FLSA.

19. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiff.  Such practice was and is a clear violation of the FLSA.

20. Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

## Collective Action Allegations

21. Other employees have been victimized by the Defendants' pay practices and policies that are in willful violation of the FLSA.  A number of these employees have worked with Plaintiff.  Thus, Plaintiff is aware that the illegal practices or policies of the Defendants have been imposed on the Members of the Class.  Specifically, through speaking with other employees, Plaintiff is aware that Defendants make a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek to hourly employees, but instead pay

many other hourly employees on the same basis as the Plaintiff.

22. The Members of the Class performed work that is similar in nature to that performed by Plaintiff; these individuals worked alongside the Plaintiff performing the same type of work that the Plaintiff performed. Accordingly, the employees victimized by the Defendants' unlawful practices are similarly situated to Plaintiff in terms of their job duties.

23. Further, each member of the class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

24. The Defendants' failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

25. No justification or exemption excused the Defendants from paying the Members of the Class for all work performed and time spent working, and the Defendants did not make a good faith effort to comply with the FLSA. The Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to the Members of the Class.

26. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> **All persons on an hourly basis employed as drivers, installers and helpers by Defendants Boze Enterprise II, LLC and Michael S. Boze during the three-year period preceding the filing of this Complaint.**

## CAUSE OF ACTION

### **Violation of the FLSA – Failure to Pay Overtime Wages Owed**

27. Defendants violated the FLSA by failing to properly compensate Plaintiff and Members of the Class for work performed in the employ of the Defendants.

28. Plaintiff and Members of the Class have suffered damages as a direct result of Defendants' illegal actions.

29. Defendants are liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### **Demand for Jury**

30. Plaintiff demands a trial by jury.

### **Prayer for Relief**

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons employed by Boze Enterprise II, LLC and Michael S. Boze on an hourly basis as drivers, installers and helpers during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF JUAN ANTONIO GARCIA**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF
JUAN ANTONIO GARCIA**

7